# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9046 | **DATE** | 11/20/12 |
| **CASE TITLE** | Nickey Michael McGhee (2012-0617161) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial partial filing fee is waived. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff. Civil Case Terminated.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Pro se plaintiff Nickey Michael McGhee, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(a)(4), the initial partial filing fee is waived. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review, the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

# STATEMENT

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that he was attacked by fellow detainees at the Jail. He explains that the attackers were gang members and singled him out for assault because he was not affiliated with a gang. Plaintiff names one of the attacker detainees, Deandre McNair, as a defendant. He also sues Sheriff Tom Dart and the Cook County Jail. Plaintiff concedes that he received medical attention following the assault, that there was no indication that the assault would occur, and he did not complain to jail officials.

Correctional officials can only be held liable when they are aware of and disregard facts that show that there was an excessive risk that an assault would occur. *Estate of Miller ex rel. Berran v. Tobiasz*, 680 F.3d 984, 990 (7th Cir. 2012). Here, plaintiff fails to plausible suggest any deliberate indifference by correctional officials. The fact that plaintiff was assaulted by fellow inmates, by itself, is not enough to state a claim here. *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (per curiam). His suit must be dismissed.

There are additional reasons why the complaint must be dismissed. Sheriff Dart is not a proper defendant because there is no indication that he had any personal involvement in any alleged constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (7th Cir. 2009); *Vance v. Rumsfeld*, __F.3d__, Nos. 10-1687, 10-2442, 2012 WL 5416500, at *10 (7th Cir. Nov. 7, 2012) (en banc). The Cook County Jail is a non-suable entity. *Bustamante v. Cook County Dep't of Corr.*, No. 11 C 1595, 2011 WL 1344270, at *2 (N.D. Ill. Apr. 7, 2011) (citing *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993)). Furthermore, plaintiff cannot state a federal constitutional claim against fellow inmate McNair because McNair is not a state actor.

Finally, the Court declines to provide plaintiff an opportunity to submit a proposed amended complaint because it is clear that his case cannot be saved by amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).